## PAY OF COUNTY COMMISSIONERS WHILE SERVING ON BOARD OF EQUALIZATION.

Court of Appeals for Guernsey County.

E. D. STONE v. STATE OF OHIO, EX REL ENOS, PROSECUTING ATTORNEY.

Decided, April Term, 1913.

*County Commissioners—Allowance for Services as Members of the Quadrennial Board of Equalization—Section 5597 as Amended.*

County commissioners while serving as members of the quadrennial county boards of equalization are entitled to the compensation allowed by Section 5597, General Code, as amended 102 O. L., 279.

METCALFE, J.; NORRIS, J., and POLLOCK, J., concur.

Plaintiff is a member of the board of county commissioners of Guernsey county. While serving on the board of equalization Stone drew the *per diem* compensation provided by Section 5597, General Code, for services rendered as a member of that board. It is claimed that county commissioners while serving as members of county boards of equalization are not entitled to the additional compensation provided by that section, and that the only compensation to which they are entitled is that provided by Section 3001, General Code, which fixes their annual salaries. This suit was brought by the prosecuting attorney to recover back the amount paid Mr. Stone as such member of the board of equalization, and judgment was rendered against him in the common pleas court, and he prosecutes error here.

The whole question depends upon the proper construction of the sections of the general code above referred to. The annual board of equalization was created by Section 2804, Revised Statutes, and Section 2813a, Revised Statutes, provided for the compensation of the members. Section 897, Revised Statutes, fixed the annual salaries of the county commissioners, and Section 897-2 provides that the compensation fixed by Section 897 "shall be in full payment of all services rendered as such commissioners." Section 2813a provides that each member of the

county board of equalization shall be entitled to receive for each day necessarily employed in the performance of his duties, including his duties as a member of the board of revision, the sum of three dollars. Section 2813 provided that the auditor, surveyor and commissioners shall compose the county board of equalization. So that before the adoption of the General Code, Section 897, Revised Statutes, fixed the commissioners' annual salaries, and Section 897-2, Revised Statutes, provided that the salaries so fixed should be in full payment for all services rendered as commissioner, while Section 2813a, Revised Statutes, gave to the commissioners, as members of the county board of equalization, an additional compensation of three dollars per day. The provision of 897 fixing the annual salaries and the provision of 897-2 that such compensation should be in full for all services rendered as commissioner, we find were inserted in those sections by amendment subsequent to the enactment of Section 2813a, and we are inclined to think that under the rule in *Thorniley* v. *State*, 81 O. S., 108, operated to repeal that section by implication. However that may be, on the 14th of February, 1910, the General Assembly adopted the General Code, which is a compilation and revision of the laws in force at that time. The work which Mr. Stone did, and for which he received the compensation which is sought to be recovered from him in this action, was after the passage of the General Code and the amendments hereafter referred to.

In the General Code, Sections 897 and 897-2, Revised Statutes, were re-enacted as Section 3001; and Section 2813a was re-enacted as Section 5597. It is undoubtedly the rule that where there is a general revision of statutes and existing provisions which may be in conflict are re-enacted simply as part of a scheme of codification, that they shall receive the same construction as they would have received before the revision, so that if there had been no further action of the General Assembly with regard to these particular sections excepting their re-enactment as parts of the General Code, we think we would be required to hold that Section 2813a was repealed by implication; but after the enactment of the General Code these sections were again taken up by the General Assembly and various amend-

ments made thereto. In Vol. 102 O. L., 514, Section 3001, General Code, was repealed and re-enacted with some slight amendments. On May 31st, 1911 (102 O. L., 198), Section 5597 was so amended as to give to the county surveyor, while acting as a member of the quadrennial board of equalization, five dollars per day, and to each member of the board his actual necessary expenses incurred in the performance of his duties as a member of such board; and the provision for the payment of a *per diem* of three dollars was left out, and the original section repealed, making by this amendment a complete change with regard to the compensation of members of such board. Again, in Vol. 102 O. L., 279, Section 5597 was re-enacted with the provision giving to members of the boards of equalization three dollars per day for their services as members of that board restored as the section originally stood. It is our duty to ascertain, if possible, in construing these statutes, the meaning of the law-makers. A familiar rule of interpretation is thus stated in 26 Am. & Eng. Enc. L., 216, ''where there is in the same statute a particular enactment and also a general one which in its most comprehensive sense would include what is embraced in the former, the particular enactment must be operative and the general enactment must be taken to affect only such cases within its general language as are not within the provisions of the particular enactment.''

As the law now stands we have one section of the General Code providing that the salaries of the county commissioners shall be full compensation for all services rendered by them as county commissioners. We have two sections both bearing the same number and both enacted on the same day. one of which provides a *per diem* for the surveyor and for the payment of the necessary expenses of all members of the board, while the other section of the same number provides for a compensation of three dollars a day for each member of the board. It will not help in the interpretation of these statutes to criticize the apparent carelessness with which they seem to have been so complicated. We must suppose that the Legislature did not intend to do an unreasonable thing, that it had an object in view in amending

and re-enacting these sections. We must presume that the Legislature had knowledge of the provisions of Section 3301, General Code, and amended Section 5597. In the light of that knowledge if the Legislature did not intend that the members of the county boards of equalization should receive the compensation for their services provided by Section 5597, what possible object could they have had in mind in re-enacting that section in its original form after it had been repealed and amended with the provision for the compensation of the members of the board left out? It is reasonable to suppose that the intention was to provide extra compensation for the extra labor imposed upon the commissioners as members of the boards of equalization. It either means this, or it is a nullity and it is not a just presumption to assume that the General Assembly simply legislated for the sake of legislating and intending that its work should be meaningless. We think that under the provisions of Section 5597 as amended 102 O. L., 279, that the commissioners are entitled to the compensation therein allowed. Whether this section repeals Section 5597, as amended 102 O. L., 198, by implication, or what effect it has on that section we are not called upon to determine.

The judgment of the common pleas court is reversed.